**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARVIN DOVBERG**, on behalf of himself and all others similarly situated,<br>*Plaintiff*,<br>v.<br>**CONCHETTA, INC., TACONY 2008, INC., 3025 N.J.S., INC.,**<br>*Defendants*. | Civil Case No.:<br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1. This action arises out of the marketing practices of Defendants, CONCHETTA, INC., TACONY 2008, INC. and 3025 N.J.S., INC. ("Defendants"), that include sending unsolicited marketing text messages to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1]

3. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

4. Plaintiff has never provided Defendants with prior express written consent to send telemarketing text messages to his cellular telephone number.

5. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages.

---

[1]. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

6. Accordingly, Plaintiff brings this TCPA action on behalf of himself and a class of similarly situated individuals.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8. The Court has jurisdiction over Defendants because Defendants conduct business transactions in this District, have committed tortious acts in this District and has targeted residents of this District with their telemarketing campaigns.

9. Venue is proper in this District because Defendants conduct significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**PARTIES**

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of this District.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant Conchetta, Inc. is, and at all times mentioned herein was, a Pennsylvania corporation headquartered at 1700 S. Christopher Columbus Blvd. Philadelphia, PA 19148.

13. Defendant Conchetta, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

14. Defendant Tacony 2008, Inc. is, and at all times mentioned herein was, a Pennsylvania corporation headquartered at 5921 Tacony Street, Philadelphia, PA 19135.

15. Defendant Tacony 2008, Inc. is, and at all times mentioned herein was, a "person"

as defined by 47 U.S.C. § 153 (39).

16. Defendant 3025 N.J.S., Inc. is, and at all times mentioned herein was, a Pennsylvania corporation headquartered at 3025 New Rodgers Road, Bristol, PA 19007.

17. Defendant 3025 N.J.S., Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**GENERAL FACTUAL ALLEGATIONS**

18. Defendants, or someone acting on their behalf and at their direction, send automated text messages marketing their gentlemen's clubs.

19. These text messages come from (833) 796-0084.

20. These text messages promote events and specials, such as "happy hour" occurring at Defendants' three gentlemen's clubs.

21. These text messages also include links to Defendants' website www.clubrisque.com.

22. Because these text messages advertise Defendant's products and services, they constitute telemarketing messages and telephone solicitations.

**PLAINTIFF DOVBERG'S FACTUAL ALLEGATIONS**

23. Plaintiff Dovberg is the sole and customary user of cellular telephone number (215)-XXX-8584.

24. Plaintiff Dovberg's cellular telephone number, (215)-XXX-8584, is a personal telephone number and is used for residential purposes.

25. Plaintiff Dovberg's cellular telephone number, (215) XXX-8584, is not associated with a business.

26. Plaintiff Dovberg registered his cellular telephone number, (215) XXX-8584, on

the National Do-Not-Call Registry on August 15, 2012.

27. On April 9, 2026, Plaintiff began receiving telemarketing text messages from Defendants.

28. Each of these text messages came from telephone number (833) 796-0084.

29. Each of these text messages included advertisements about Defendants' establishments, including future events and specials.

30. For example, as shown below, Defendants sent Plaintiff the following text messages on the dates and times shown therein:



9:59

+1 (833) 796-0084 >

Thu, Apr 23 at 12:30 PM




Orange Crush Fever is at CLUB RISQUE! The Pro-HOCKEY Action is on our screens & our Risque Girls are ready to celebrate! FREE LUNCH 12-3PM weekdays. HAPPY HOUR 5-7PM Mon - Sat. COMPLIMENTARY COVER with your Philly

Text Message

9:59

+1 (833) 796-0084 >

Sat, Apr 25 at 2:00 PM




Your home to watch and celebrate PHILLY SPORTS is CLUB RISQUE! Hockey! Basketball! the hottest Entertainers & Entertainment until 4AM in the city. Always Complimentary Cover with your Game Day Ticket & Hotel Key |

Text Message

10:00

+1 (833) 796-0084 >

Yesterday 11:00 AM




Super Saturday at CLUB RISQUE! Come for the Action of Philly Sports and DAZN Boxing BENAVIDEZ vs ZURDO today, Sat MAY 2nd and party with the hottest entertainers. Always Complimentary Cover with your Game Day Ticket. Open to 4AM in

Text Message

2:33

+1 (833) 796-0084 >




Your home for championship Boxing and MMA is CLUB RISQUE. UFC 328 Chimaev v Strickland Sat MAY 9 | DAZN Boxing ROUSEY vs CARANO + DIAZ vs PERRY on Sat MAY 16. The Action happens seven days a week in the city at Club Risque | ClubRisque.com

Text Message

1:48

+1 (833) 796-0084 >

Mon, Apr 27 at 12:30 PM




Come watch Game 5 Tonight at CLUB RISQUE! | Complimentary Lunch Mon - Fri 12Noon - 3PM | Come for the Action of Benavidez vs Zurdo Sat MAY 2 | ClubRisque.com

Saturday 11:00 AM

Text Message

7:26

+1 (833) 796-0084 >

Today 7:00 PM




ROUSEY vs CARANO! DIAZ vs PERRY! this Sat MAY 16 at CLUB RISQUE | Complimentary Lunch Mon - Fri 12Noon - 3PM | The Action happens seven days a week at CLUB RISQUE | ClubRisque.com

Text Message

31. Mr. Dovberg did not sign up for these messages.

32. Mr. Dovberg never provided prior express written consent (or any consent) to Defendants for these text messages.

33. Mr. Dovberg never provided his telephone number to Defendants.

34. Defendants' violations were, at a minimum, negligent.

35. Alternatively, Defendants' violations were willful and knowing because Defendants knew that Plaintiff's telephone number was registered on the National Do-Not-Call list.

36. Mr. Dovberg and the class were damaged by the violations alleged herein. In addition to using their cellular data, storage, and battery life, they suffered an invasion of privacy, aggravation, annoyance, frustration, distraction, intrusion upon seclusion, and violations of their substantive statutory rights under the TCPA to remain free of unsolicited calls and text messages. Their privacy was improperly invaded, Defendants' text messages temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities, including work, family, and personal activities, to address the unwanted text messages. Defendant's text messages were annoying and a nuisance, and wasted the time of Mr. Dovberg and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

37. Because Plaintiff and Class Members received unsolicited text messages from, or on behalf of, Defendants on their Do-Not-Call registered numbers, it demonstrates the need for judicial intervention and injunctive relief to enjoin any continued and future harm.

## DEFENDANT'S LIABILITY

38. The TCPA prohibits making multiple telephone solicitation calls[2] to a telephone number on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

39. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

40. A listing on the National Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

41. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

42. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including Plaintiff's number.

43. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per text message.

44. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

---

[2] Although the TCPA does not define a "call," the FCC has interpreted the TCPA to encompass both voice calls and text calls or text messaging. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.Rcd. 14014, 14115 (July 3, 2003). Federal courts up to and including the Supreme Court have endorsed the FCC's regulation that the TCPA applies to text messages. *See, e.g., Campbell-Ewald v. Gomez*, 577 U.S. 153, 156 (2016); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 118 n.3 (3d Cir. 2018) ("[a]lthough the text of the statute refers only to 'calls,'" "under the TCPA, that term encompasses text messages." (citation omitted)).

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the Class as defined as follows:

> All persons throughout the United States (1) who did not provide their telephone number to Defendants (2) to whom Defendants delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendants' goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendants delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

46. Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

47. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

48. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendants and third parties maintain written and electronically stored data showing:

a. The time period(s) during which Defendants placed their text messages;

b. The telephone numbers to which Defendants placed their text messages;

c. The telephone numbers for which Defendants had prior express written consent;

d. The purposes of such text messages;

e. The names and addresses of Class members.

49. Upon information and belief, due to the nature of text message marketing, the Class is believed to be comprised of hundreds, if not thousands, of individuals.

50. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

a. Whether Defendants send telemarketing text messages or has them sent on their behalf;

b. Whether Defendants obtain prior express written consent;

c. Whether Defendants or the entity with which they contract to send their messages sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

d. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

51. Plaintiff is a member of the Class in that Defendants placed two or more texts for telemarketing purposes in a one-year period to his telephone number when his telephone number was on the National Do-Not-Call Registry.

52. Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendants' uniform conduct and are based on the same legal theories as these claims.

53. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendants' unwanted text messages, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

54. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

55. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent themselves and the Class.

56. Defendants have acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

57. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

59. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Class)**

60. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

61. Defendants sent, or had sent on their behalf, text messages constituting telephone solicitations to Plaintiff's and Class Members' telephone numbers.

62. Plaintiff's and Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the text messages.

63. Plaintiff and Class Members each received two or more such text messages in a 12-month period.

64. Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

65. Plaintiff and Class Members are entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C. An order declaring that Defendants' actions, as set out above, violate 47 C.F.R. 64.1200(c)(2);

D. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

E. An award of statutory damages;

F. An award of treble damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 21, 2026

*s/ Max S. Morgan*

Max S. Morgan, Esquire
Joseph Manes, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
joe.manes@theweitzfirm.com